IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT MOORE                                                                                    PLAINTIFF

VS.                                          NO.  4:05CV205 JMM

ALLTEL CORPORATION                                                                      DEENDANT

ORDER

Pending before the Court is the Defendant's Bill of Costs, filed March 10, 2006, seeking to tax the fees of the court reporter as costs pursuant to 28 U.S.C. §1924, 1920 and Federal Rule of Civil Procedure 54(d).   Defendant was awarded summary judgment on February 24, 2006, and now seeks $732.25 for the court reporter fees for the transcripts used in the case as presented to the Court.

Although it is within the Court's discretion to tax the costs of taking depositions, it is this Court's policy to disallow the costs for the taking of depositions and any fees associated therewith, unless those transcripts are used in trial.  "[B]oth 28 U.S.C. §1920 and Fed.R.Civ.P. 54(d) are phrased in permissive terms.  Section 1920 provides that '[a] judge or clerk of any court of the United States *may* tax as costs' certain enumerated terms (emphasis added).  Rule 54(d) provides in part that '[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party *unless the court otherwise directs*.' (emphasis added)"  *Hibbs v. K-Mart Corp*., 870 F.2d 435, 443 (8th Cir. 1989).

Defendant was granted summary judgment herein, and the transcripts submitted were never presented in trial.  Therefore, the Court will deny the requested amount in the Bill of Costs as those costs are incidental to the normal preparation for trial.

**IT IS SO ORDERED this  15th   day of March, 2006.**

**James M. Moody**
**United States District Judge**